UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREL LORNE HARRIS,<br><br>                Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al., | CASE NO. 3:25-cv-05665-KKE-BAT<br><br>**REPORT AND RECOMMENDATION TO DISMISS WASHINGTON STATE DEPARTMENT OF CORRECTIONS** |

Plaintiff filed a 42 U.S.C. § 1983 complaint against Defendants Washington State Department of Corrections (DOC); Superintendent of Stafford Creek Corrections Center (SCCC) Karen Arnold, and Stafford Creek Medical Provider A. Dougherty, alleging they violated his Eighth Amendment rights by denying him adequate medical services. Dkt. 5

On August 25, 2025, Defendants filed a motion to dismiss the DOC as a defendant. Dkt. 8. Under the Court's local rules, any opposition to the motion was due no later than September 16, 2025. *See* Local Rule LCR 7(d)(3). The Court notes Plaintiff filed a motion to amend the complaint which does not discuss Defendant's dismissal motion but simply states "Plaintiff moves the court to dismiss defendants motion to dismiss and procede this complaint." Dkt. 12 at 3.

REPORT AND RECOMMENDATION TO
DISMISS WASHINGTON STATE
DEPARTMENT OF CORRECTIONS - 1

1     Defendants correctly argue the DOC is immune from suit under the Eleventh Amendment
2 to the United States Constitution. Washington. A state agency and state officials acting in their
3 official capacity are not persons under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58,
4 71 (1989); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (explaining governmental
5 entities that are considered "arms of the State" for Eleventh Amendment purposes are not
6 "persons" under § 1983); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). Thus,
7 Plaintiff has no cause of action against a state agency such as the DOC under § 1983.
8 *Maldonado*, 370 F.3d at 951. The State of Washington has not waived its Eleventh Amendment
9 immunity. *See Taylor v. Washington Department of Corrections*, 2024 WL 4262806 at * 1 (9th
10 Cir. Sept. 23, 2024) citing *Yakima Indian Nation v. State Dep't of Revenue*, 176 F.3d. 1241, 1245
11 (9th Cir. 1999); *Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982); RCW
12 4.92.010.

    As the DOC is immune from Plaintiff's § 1983 action, the Court recommends:

    1.    The DOC be dismissed with prejudice as a Defendant in this action.

    2.    Because this report recommends the dismissal of only one Defendant, the DOC, the matter shall remain referred to the undersigned magistrate judge to address Plaintiff's claims against the remaining Defendants.

### OBJECTIONS AND APPEAL

    This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

    Objections, however, may be filed and served upon all parties no later than **October 28, 2025.** The Clerk shall note the matter for **October 29, 2025**, as ready for the District Judge's

REPORT AND RECOMMENDATION TO
DISMISS WASHINGTON STATE
DEPARTMENT OF CORRECTIONS - 2

1  consideration if no objection is filed. If objections are filed, any response is due within 14 days
2  after being served with the objections. A party filing an objection must note the matter for the
3  Court's consideration 14 days from the date the objection is filed and served. The matter will
4  then be ready for the Court's consideration on the date the response is due.
5      The failure to timely object may affect the right to appeal.
6      DATED this 14th day of October, 2025.

                                                          BRIAN A. TSUCHIDA
                                                          United States Magistrate Judge

REPORT AND RECOMMENDATION TO
DISMISS WASHINGTON STATE
DEPARTMENT OF CORRECTIONS - 3